# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| THE SURGERY CENTER AT 900 NORTH MICHIGAN AVENUE, LLC | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) Case No. 15-cv-4336<br>) |
| AMERICAN PHYSICIANS ASSURANCE CORPORATION, INC., and AMERICAN PHYSICIANS CAPITAL, INC., | ) Judge Sharon Johnson Coleman<br>)<br>)<br>) |
| Defendants. | )<br>)<br>) |

## MEMORANDUM OPINION AND ORDER

Plaintiff The Surgery Center at 900 North Michigan Avenue, LLC ("Surgery Center") filed a two-count complaint against its former malpractice insurers, American Physicians Assurance Corporation, Inc. and American Physicians Capital, Inc. (collectively "APAC"), alleging APAC acted in bad faith (Count I) and breached a contract (Count II) by failing to settle a patient's malpractice lawsuit against Surgery Center. APAC now moves to dismiss both claims against it pursuant to Rule 12(b)(6). For the reasons stated below, the Court denies in part and grants in part the motion.

**Background**

The following facts taken from the complaint are accepted as true for purposes of ruling on the motion to dismiss now before the Court. APAC provided malpractice insurance to Surgery Center from 1999 through 2005. Dkt. 1 ¶ 20. The insurance policies APAC issued to Surgery Center had one million dollar per-claim limits of liability. *Id.* In 2003, Ms. Tate, whose post-surgery complications rendered her quadriplegic, sued Surgery Center, where the surgery had been performed, and Dr. Hasson, the doctor who performed the surgery ("the Tate Suit"). *Id.* ¶ 21-23. APAC retained defense counsel to defend Surgery Center in the Tate suit. *Id.* ¶ 25. According to

Surgery Center, APAC knew since at least 2003 that the likelihood that Surgery Center would be found liable in the Tate Suit was "significant." *Id.* ¶ 27.

On August 3, 2007, the trial court in the Tate Suit granted summary judgment in favor of Surgery Center. *Id.* ¶ 30. At that time, APAC noted it was "thankful" for the grant of summary judgment because Ms. Tate was a "very sympathetic" plaintiff. Dkt. 1-5 at 18. Ms. Tate appealed and the decision was reversed, the appellate court finding there was a dispute of material fact as to whether Surgery Center breached the standard of care and whether that breach proximately caused Ms. Tate's injuries. Dkt 1, ¶ 31; Dkt 1-4. APAC was then informed by counsel that although a jury determination of whether Surgery Center was liable would be necessary, counsel believed that Surgery Center had a ninety-percent chance of winning a jury trial in the Tate suit. Dkt. 1 ¶ 39-40. On May 11, 2010, Ms. Tate offered to settle for one million dollars. *Id.* ¶ 41. APAC rejected the offer and did not enter into settlement negotiations with Ms. Tate. *Id.* ¶¶ 42-44. During the jury trial, Surgery Center asked APAC twice if anything could be done to settle the case to no avail. *Id.* ¶ 49-50. The jury found Surgery Center liable and awarded Ms. Tate approximately five million dollars in damages, *id.* ¶ 51, which caused Surgery Center to bring suit against APAC.

**Legal Standard**

A complaint will survive a motion to dismiss under Rule 12(b)(6) if its well-pleaded facts when accepted as true and viewed in the light most favorable to the plaintiff state a plausible claim for which relief can be granted. *Vesely v. Armslist LLC*, 762 F.3d 661, 664 (7th Cir. 2014). If a copy of a written instrument is attached to a pleading, it is "a part of the pleadings for all purposes." Fed. R. Civ. P. 10. Facts alleged in a complaint are accepted as true except when contradicted by an exhibit considered part of the pleadings. *Bogie v. Rosenberg,* 705 F.3d 603, 609 (7th Cir. 2013).

**Discussion**

*Bad-Faith Failure To Settle*

APAC asserts that Surgery Center's bad-faith-failure-to-settle claim must be dismissed because Surgery Center failed to allege that a finding of liability against Surgery Center in the Tate suit was more likely than not at the time that APAC refused the settlement offer.

Illinois law[1] recognizes that "an insurance provider has a duty to act in good faith when responding to settlement offers." *Haddick ex rel. Griffith v. Valor Ins.*, 763 N.E.2d 299, 303 (Ill. 2001). "If the insurer breaches this duty, it may be liable for the entire judgment against its insured, including any amount in excess of policy limits." *Id.* To state a claim that an insurer acted in bad faith when responding to a settlement offer, a plaintiff "must allege that the duty to settle arose; the insurer breached the duty; and the breach caused injury to the insured." *Id.* at 304. The duty of an insurance provider to settle arises when a third party makes a settlement demand within policy limits if at that time "there is a reasonable probability of recovery in excess of policy limits and a reasonable probability of a finding of liability against the insured." *Id.* at 304-305. "[R]easonable probability" in this context means a "more likely than not" probability. *Powell v. Am. Serv. Ins. Co.*, 7 N.E.3d 11, 17 (Ill. App. 2014).[2]

APAC argues that Surgery Center fails to state a bad-faith claim because it alleges that the probability of a finding of liability was "significant" instead of alleging it was "more likely than not." Dkt. 11 ¶ 4. But a complaint does not fail to state a claim merely because it fails to plead certain "magic words." *Gustafson v. Jones,* 117 F.3d 1015, 1019 (7th Cir.1997). Rather, the relevant inquiry is

---

[1] The Court will apply Illinois law because both parties assumed in their briefs that Illinois law governed and there is a reasonable relation between Illinois and the dispute, which arose out of actions occurring in the state. Under these circumstances, courts may "forego an independent analysis of the choice-of-law issue and apply the parties' choice." *Harter v. Iowa Grain Co.*, 220 F.3d 544, 559 (7th Cir. 2000) (internal quotations and brackets omitted).

[2] Illinois Appellate Court decisions are not binding upon federal courts, but should be followed absent a "compelling reason to doubt they have stated the law correctly." *AAR Aircraft & Engine Grp., Inc. v. Edwards*, 272 F.3d 468, 470 (7th Cir. 2001)

whether "[v]iewed as a whole, the complaint supports a plausible inference" that defendants violated the law. *Olson v. Champaign Cty., Ill.*, 784 F.3d 1093, 1100 (7th Cir. 2015).

Here, APAC argues the complaint contains no support for an inference that at the time Ms. Tate offered to settle her suit, it was "more likely than not" that Surgery Center would be found liable. According to APAC such an inference is impossible because Surgery Center admits in its complaint that defense counsel in the Tate suit determined there was a ninety-percent chance of a no-liability finding. However, defense counsel's assessment of the case is not dispositive as to the actual probability of a liability finding. Instead, courts look to the "quality and quantity of proof" that the parties could have expected to be presented in the underlying suit. *SwedishAmerican Hosp. Ass'n of Rockford v. Illinois State Med. Inter-Ins. Exch.*, 916 N.E.2d 80, 101 (Ill. App. 2009). Furthermore, Surgery Center also alleges that defense counsel's assessment of the likelihood of victory was unreasonable.

The exhibits attached to Surgery Center's complaint indicate the following: (1) the record with respect to Surgery Center's liability was at least sufficient to convince an appellate court to reverse a grant of summary judgment, Dkt. 1 ¶ 31, Dkt. 1-4 at 41; and (2) prior to the appellate court reversal, APAC was "thankful" that the case would not be going before a jury because Ms. Tate was a "very sympathetic" plaintiff, Dkt. 1-5 at 18. This is sufficient to support the inference that the quality and quantity of proof was such that there was a more likely than not probability that a jury would find Surgery Center liable in the Tate suit. Consequently, Surgery Center's bad-faith claim survives.

*Breach of Contract*

APAC argues that Surgery Center's breach of contract claim should be dismissed because there is no contract remedy for a bad-faith failure to settle. Surgery Center does not dispute that contention; it instead asks for leave to re-plead its breach of contract claim so that the claim is based solely on APAC's failure to hire competent defense counsel. In its reply, APAC does not address

4

whether it would be futile to permit Surgery Center to re-plead its claim; it continues to focus on the viability of the claim as it is currently pled. Accordingly, the Court dismisses Surgery Center's breach of contract claim without prejudice with leave to re-plead.

**Conclusion**

For the foregoing reasons, Defendants' motion to dismiss [11] is denied as to Count I and granted without prejudice as to Count II. Surgery Center is granted leave to file an amended complaint consistent with this order within 30 days.

IT IS SO ORDERED.

_____
SHARON JOHNSON COLEMAN
United States District Judge

DATED: December 30, 2015