# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| THE SURGERY CENTER at 900 NORTH MICHIGAN AVENUE, LLC, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 15 C 4336 |
| AMERICAN PHYSICIANS ASSURANCE CORPORATION, INC., AMERICAN PHYSICIANS CAPITAL, INC. | ) ) ) ) | Judge Coleman<br><br>Magistrate Judge Cole |
| Defendants. | ) ) | |

## MEMORANDUM OPINION AND ORDER

### A.

This is another of those seemingly intractable disputes that underlies the oft-heard lament that "protracted discovery, [is] the bane of modern litigation." *Rossetto v. Pabst Brewing Co., Inc.,* 217 F.3d 539, 542 (7th Cir.2000). We begin, as we must with the facts. *See Upjohn Company v. United States*, 449 U.S. 383, 390 (1981).

On September 13, 2016, Judge Coleman granted defendants' motion to extend the discovery cutoff to December 7, 2016. The Order provided: "this extension is final." [Dkt. 59]. On December 7, 2016, I entered a lengthy Order that noted "fact discovery is closed pursuant to Judge Coleman's order except that" – and there followed a list of things the parties were allowed to complete in discovery. Among other things, I granted the plaintiff's motion for instructions regarding the unsealing of the file in a case previously decided in New Mexico. The Order permitted the plaintiff to appear before the New Mexico judge who had ordered the file sealed and ask for permission to obtain "the Kenny memorandum" – as the plaintiff had requested. [Dkt. 88]. Neither the plaintiff

nor the defendants sought review by Judge Coleman of this Order. They thus waived any objection they might have had to the Order either in the district court or in the Seventh Circuit in the event of an appeal, following the entry of final judgment after a trial. *See United States v. Taylor*, 581 Fed. App'x 559, 560 (7th Cir. 2014); *Schur v. L.A. Weight Loss Centers, Inc.*, 577 F.3d 752, 760 (7th Cir.2009); *Egan v. Freedom Bank*, 659 F.3d 639, 644 (7th Cir.2011); *DirecTV, Inc. v. Barczewski*, 604 F.3d 1004, 1011 (7th Cir.2010); *Richard Wolf Med. Instruments Corp. v. Dory*, 131 F.R.D. 545, 546 (N.D. Ill. 1990).

On February 23, 2017, the defendants moved before Judge Coleman "To Extend Time to Disclose Defendants' Rule 26(a)(2) Witnesses." The motion, which was expressly devoted to demonstrating good cause for extending time to disclose experts, argued that the extension was needed to examine the scope and nature of the plaintiff's possible experts, who, it was alleged, were only recently disclosed and who the defendants had not had an opportunity to depose. It was further claimed that without extending the time for disclosure of "responsive experts," sufficient time for the experts to consider the information obtained at deposition would not exist, and the ultimately disclosed experts would have insufficient time to draft their reports. The defendants pointed out that Judge Coleman "has not established a rebuttal disclosure deadline nor expert discovery deadline, nor has a trial date been set." The motion concluded with the request "that the Court extend its *expert* disclosure deadline by 45 days, to and including April 27, 2017." [Dkt. 102](Emphasis supplied). The motion did not, however, suggest a date for disclosure of expert reports or provide a schedule for the completion of expert depositions.

That the motion was only being granted in part obviously took into account the fact that the April 27, 2017 date – specified in and sought by the defendants' Motion to Extend – exceeded "45 days,"[1] which the motion also sought. The April 12th date for the disclosure of experts sought by the defendants did not allow any time for those experts to be deposed. And so the next sentence of the Order said: "All discovery ordered closed by July 11, 2017." Did this mean only that disclosure of experts *and* their depositions had to have been completed by July 11, 2017, or that Judge Coleman, *sub silentio*, and without any request by the movants or the plaintiff, was also extending *fact* discovery to the same July date? Ignoring Justice Holmes' wise admonition that "[w]e must think things, not words, or at least we must constantly translate our words into facts for which they stand, if we are to keep to the real and the true," Holmes, *Law and Science and Science and Law*, 12 Harv.L.Rev. 443, 460 (1889), the plaintiff opts for the latter interpretation. Yet, that would make July 11, 2017 the date on which fact *and* expert discovery would end simultaneously. And that would make no sense.

A single sentence, whether in a judicial Opinion or Order, is not to be removed from its informing context and read with pedantic literalism, as the plaintiff has done. We are not at liberty to – nor should we – ignore the setting in which Judge Coleman was asked to and did issue her ruling. After all, meaning is determined by context. *Hawks v. Hammill*, 288 U.S. 52, 57

---

[1] It should be noted that the 45-day extension of the time sought in the defendants' motion would not result in an order extending disclosure to April 27, 2017, which was the date sought in that motion. Forty-five days from the filing date of the motion would result in a 62-day extension, and measuring the 45 days from the date the motion was heard would result in a 57-day extension. In either event, the requested date of the extension did not match the 45 days explicitly sought in the motion. On February 28, 2017, Judge Coleman heard the motion. Her Order provided that the defendants' "Motion for Extension of Time to Disclose Defendants' Rule 26(a)(2) Witnesses [Dkt. 102] is granted in part to 4/12/17." That date would be 43 days from the date the motion was heard, and some two weeks more than the plaintiff had previously told the defendants it would agree to.

(1933)(Cardozo, J,); *United States v. Sewell*, 780 F.3d 839, 845 (7th Cir. 2015); *Commodity Futures Trading Comm'n v. Worth Bullion Grp., Inc.*, 717 F.3d 545, 550 (7th Cir. 2013). Or as Judge Posner has phrased it, "'[a]ll interpretation is contextual, and the body of knowledge that goes by the name of 'common sense' is part of the context of interpreting most documents....'" *Vendetti v. Compass Environmental, Inc.*, 559 F.3d 731, 733 (7th Cir. 2009). It "is a disservice to judges and a misunderstanding of the judicial process to wrench general language in an opinion out of context." *Aurora Loan Services, Inc. v. Craddieth,* 442 F.3d 1018, 1026 (7th Cir.2006). *Accord East St. Louis Laborers' Local 100 v. Bellon Wrecking & Salvage Co.,* 414 F.3d 700, 705 (7th Cir.2005); *Colon v. Option One Mortgage Corp.,* 319 F.3d 912, 920 (7th Cir.2003). *See also Cohens v. Virginia*, 19 U.S. 264, 399 (1821)(Marshall, C.J.); *Illinois v. Lidster*, 540 U.S. 419, 424 (2004); *Cruz v. Town of Cicero, Ill.*, 275 F.3d 579, *587 (7th Cir. 2001). The same is no less true of judicial orders.

Under the plaintiff's construction of Judge Coleman's order, fact and expert discovery would be coterminous, in which event, the experts would not have the material and facts necessary for their final analyses and opinions. And, if additional, supplemental or rebuttal opinions were needed, then "all discovery" could not close on July 11th, as Judge Coleman's order prescribed. Litigants should not have to guess at who will offer expert opinions. *Cripe v. Henkel Corp.*, _U.S. _, 2017 WL 2454390, at *1 (7th Cir. 2017). Nor should they have to guess at what the experts are going to say in support of their opinions or in derogation of the opinions of opposing experts. Yet, if expert and fact discovery were coterminous, the experts on both sides could not issue reports which fully took into account fact discovery. The effect on the experts and the parties would be obvious.

The discovery rules were designed to avoid what Wigmore aptly called trial by ambush and to eliminate the sporting theory of justice. The Rules regard secrecy and surprise as uncongenial to

truth seeking and as destructive of the overarching goal that cases be justly determined on their merits. *See Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 512 (2002). *See generally* Rule 1, Federal Rules of Civil Procedure. The construction of Judge Coleman's Order on which the plaintiff insists runs counter not only to long accepted canons of construction, but to the very purpose of the Federal Rules of Civil Procedure.

**B.**

Still, it is true that the plaintiff's lawyers were given limited permission by me on December 7, 2016 to appear before the District Court in New Mexico "regarding the Kenny memorandum...."[2] [Dkt. 88]. Since the file had not been sealed by me, my Order explained that I could not take any action to unseal it, and said that the plaintiff would have to contact the District Judge who did. Whether that effort would qualify as discovery – which had a deadline imposed by Judge Coleman – or as investigation by a party which had none – was never discussed by the parties. A discovery deadline does not terminate a party's right to informally investigate the case. *See Redus v. CSPH, Inc.*, 2017 WL 2079807 at *6 (N.D.Tex. 2017). Nor is one necessary to allow investigation. *Pollock v. PNC Fin. Servs. Grp., Inc.*, 2014 WL 2212069, at *5 (S.D.N.Y.2014); *In re Daou Sys., Inc., Sec. Litig.*, 2008 WL 2899726, at *2 (S.D. Cal. 2008). Whether what is learned through continued, informal investigation will be admissible at trial may present different issues than those that arise in formal discovery. However, one cannot escape the discovery rules and their consequences and restrictions by using court process and claiming what is sought is merely part of informal

---

[2] The Order noted that expert discovery was to be completed by March 6, 2017 – a date later extended by Judge Coleman to July 11, 2017. [Dkt. 105].

investigative efforts. *McDermott v. Liberty Mar. Corp.*, 2011 WL 2650200, at *4 (E.D.N.Y. 2011).[3]

Nonetheless, despite having appeared before me on December 7, 2016 – and despite being aware of the existence of the New Mexico proceedings from at least August 20, 2015 [Dkt. 139] – the Complaint was filed on May 15, 2015 [Dkt. 1] – plaintiff's counsel did not contact the sealing judge in New Mexico until May 30, 2017.[4] Yet, according to the defendants' lawyer, by then expert discovery had been completed – a matter not contradicted by plaintiff's lawyers although Judge Coleman had ordered expert discovery to be completed by July 11th – the course the plaintiff now seeks to embark on would in all probability result in an expansion and a reopening of fact and expert discovery, which I am not authorized to allow. It would be an abuse of discretion to ignore the plaintiff's demonstrable lack of diligence and to now allow that which could and should have been accomplished much earlier in the case. *See e.g., Gallagher v. San Diego Unified Port Dist.*, 668 F. App'x 786, 787 (9th Cir. 2016)*; Rivera-Almodovar v. Instituto Socioeconomico Comunitario, Inc.*, 730 F.3d 23, 27 (1st Cir. 2013); *Davis v. G.N. Mortg. Corp.*, 396 F.3d 869, 886 (7th Cir. 2005); *Echemendia v. Gene B. Glick Mgmt. Corp.*, 263 F. App'x 479, 481 (7th Cir. 2008); *Hammonton Inv. & Mortg. Co. v. Morco, Ltd.*, 452 F.2d 119, 122 (7th Cir. 1971).

The plaintiff's lawyers sought to account for their lengthy period of inaction *vis-a-vis* New Mexico by saying first that discovery "was expensive," and then insisting they thought they had until

---

[3] For example, a party after discovery closes can talk to people who may provide hitherto unknown but relevant information. Admissibility will not turn on adherence to the discovery schedule. Supplementation of prior disclosures will be a necessary prerequisite to admissibility however. And if the conduct of the plaintiff's lawyers can be deemed to constitute investigation (legitimately) outside the discovery deadlines, the trial court could still suppress the evidence at trial. *See Scheib v. Grant*, 814 F. Supp. 736, 740–41 (N.D. Ill. 1993).

[4] The plaintiff's awareness of the perceived importance of the New Mexico litigation in this case is evidenced by the 2015 letter sent from plaintiff's counsel to defense counsel discussing the evidence in the New Mexico case.

July 11, 2017 to complete fact discovery. The first explanation is not a sufficient excuse, for all litigation of any significance is expensive as the plaintiff's lawyers knew when they filed the case. As for the second attempted justification for the plaintiff's inaction, I had no authority to change Judge Coleman's discovery schedule – a fact of which all the lawyers in the case had expressed their awareness. In short, the way in which the plaintiff has dealt with the matter of the New Mexico litigation is unacceptable. *See, e.g., Bayer Healthcare Pharm., Inc. v. River's Edge Pharm., LLC*, 2015 WL 11142428, at *2 (N.D. Ga. 2015); *Conforto v. Mabus*, 2014 WL 12560881, at *13 (S.D. Cal. 2014); *R.F.M.A.S., Inc. v. Mimi So*, 619 F. Supp. 2d 39, 54 (S.D.N.Y. 2009); *Sjoblom v. Charter Commc'ns, LLC*, 2008 WL 4642641, at *3 (W.D. Wis. 2008).

Even if the plaintiff mistakenly believed that fact discovery was to end in early July, waiting some six months after I approved their seeking the Kenny memorandum, would still be untimely under our Local Rules. Under Local Rule 16.1 of the Standing Order Establishing Pretrial Procedure, discovery must be initiated so that compliance with the request, demand or subpoena will occur before discovery is formally to end.[5] Here, the recent request for unsealing in New Mexico, which was just made despite its authorization six months earlier, will have to be responded to under a schedule allowing sufficient time for a defense response. A reply by the plaintiff is certain. Oral argument may be sought or requested by the court, which may then issue an opinion, either oral or

---

[5] LR16.1(4) provides:

4. Discovery Closing Date

In cases subject to this Standing Order, the court will, at an appropriate point, set a discovery closing date. Except to the extent specified by the court on motion of either party, discovery must be completed before the discovery closing date. Discovery requested before the discovery closing date, but not scheduled for completion before the discovery closing date, does not comply with this order.

7

written. The possibility of an appeal cannot be ignored.  All this cannot occur by July 11, 2017– the date the plaintiff's lawyers claim (incorrectly) "all discovery" closes. And it certainly cannot occur before Judge Coleman's fact discovery close date or within a reasonable time of my Order of December 7, 2016. [Dkt. 88].

There is a final matter that requires discussion. While my Order of December 7th allowed the plaintiff to unseal "the Kenny memorandum," [Dkt. 88], the plaintiff seems to have gone well beyond that. On May 30, 2017, plaintiff's counsel wrote to the district court in New Mexico regarding the defendants' alleged "practice of wrongfully interfering with defense counsel's independent judgment and the attorney-client relationship between retained defense counsel and APAC insureds." [Dkt. 128]. The letter refers to a "pretrial transcript wherein the" New Mexico court allegedly recognized there existed "a significant issue with the interference with the attorney-client relationship between Dr. Ham and Mr. Sharp and the timeliness of the attempts to settle the case." [Dkt. 128]. The letter went on to state that the "docket" also revealed "that certain evidence concerning the mandates and directives given by APAC to defense counsel was presented during the case, including 'the Madison memo' and documents APAC provided to its insurance defense counsel at an October 2007 meeting." [Dkt. 128]. The letter told the judge that "[t]hese documents are highly relevant to our case" even though the defendants in Chicago have "refused to produce them citing to your Honor's order sealing the documents." [Dkt. 128].

On June 2, 2017, plaintiff's lawyer wrote to the district judge and informed him that I had "not limited the scope of [plaintiff's] inquiry to only the Rebecca Kenny memorandum nor has he

provided us with a deadline to obtain an order from your Honor unsealing the record."[6] Then, on June 12, 2017, the plaintiff filed a motion in New Mexico to "Intervene Pursuant to Federal Rule of Civil Procedure 24(b)" for the "limited purposes of assessing *discovery* in this case related to APAC's interference with defense counsels' use in collateral litigation" and noted that the discovery had been placed under seal seven years ago. (Emphasis supplied).[7]

The above reveals that should the district court grant access to the materials sought by the plaintiff, fact discovery in the instant case will undoubtedly have to be reopened. In light of their claimed potential importance, plaintiff's delay in seeking the materials now requested cannot be condoned and is not justifiable. And, finally, the plaintiff's requests apparently did not tell the district judge in New Mexico that my December 7, 2017 order specified the "Kenny memorandum...." [Dkt. 88].

What the court said in *Patel ex rel. R.P. v. Menard, Inc*. 2011 WL 5024991, 3 (S.D. Ind.2011) applies here, pari passu:

> The Federal Rules of Civil Procedure were painstakingly crafted to provide litigants with a roadmap for obtaining all necessary evidence well in advance of trial. Following this roadmap prevents last-minute disputes like the one presently before the Court. Defendant failed to respond to Plaintiff's informal letter request, and Plaintiff long ago should have requested the information through a formal Fed.R.Civ.P. 34 request for production. If Defendant failed to comply with that request, resulting in an impasse, Plaintiff should have formally sought court intervention.... None of this was done. Instead, Plaintiff has tried to circumvent normal discovery channels through eleventh hour subpoenas. Under virtually identical circumstances, district courts within the Seventh Circuit have quashed such subpoenas. *See Bufkin,* 2002 WL 32144317; *see also Potomac Elec. Power Co. v. Electric Motor Supply, Inc.,* 190 F.R.D. 372, 381 n. 13 (D.Md.1999)("courts have not

---

[6] The letter was provided to me by plaintiff's counsel and shows me as receiving a copy.

[7] This document, which is also not part of the record in this case but was provided to me by plaintiff's counsel, was given the number 376 by the New Mexico clerk's office.

9

hesitated to quash subpoenas where they were used as a means to reopen discovery after the cut-off date."). Unfortunately for Plaintiff, this Court must do the same.

### D.

But all may not lost for the plaintiff, who I believe has said that it timely and properly disclosed the identity of the author of the sealed memorandum and that the author has personal knowledge of the *facts* incorporated in the memorandum. Thus, notwithstanding the present sealing order in New Mexico, there may be no impediment to her testifying in this case about *facts* of which she has first hand knowledge, *see* Rule 602, Federal Rules of Evidence, assuming her testimony is relevant under Rule 401 and passes muster under other evidentiary rules. The admissibility of a relevant, properly authenticated memorandum that was not subject to a sealing order at the time it was made, but now is, is a further question that Judge Coleman may be called upon to answer at the appropriate time.[8] Admissibility, of course, will depend upon the unfolding of events at trial, which may involve the application of the doctrine of prior consistent statements and "opening the door" by the nature and extent of the examination by the defendants. Of course, it will be for Judge Coleman to determine on a complete trial record what will be admitted and what excluded.

**ENTERED:** _____
UNITED STATES MAGISTRATE JUDGE

**DATE:** 6/26/17

---

[8] The memorandum, itself, might be corroborative of the witness's testimony, and corroboration has independent and often profound significance. *Graham v. Baughman,* 772 F.2d 441, 445 (8th Cir.1985); *Hoskins v. McBride,* 13 Fed.Appx. 365, 368 (7th Cir.2001). *See also Arizona v. Fulminante,* 499 U.S. 279, 298–299 (1991); *United States v. Matot,* 146 F.2d 197, 198-199 (2nd Cir. 1945).