# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISON

| | |
|---|---|
| THE SURGERY CENTER at 900 NORTH MICHIGAN AVENUE, LLC | CIVIL ACTION NO. 1:15-cv-04336 |
| Plaintiff, | Hon. Judge Sharon Johnson Coleman |
| v. | Hon. Jeffrey Cole |
| AMERICAN PHYSICIANS ASSURANCE CORPORATION, INC., and AMERICAN PHYSICIANS CAPITAL, INC., | **JURY DEMANDED** |
| Defendants. | |

## PLAINTIFF'S RESPONSE AND OBJECTIONS TO DEFENDANTS' MOTION FOR APPROVAL OF BILL OF COSTS AND ORDER DIRECTING PLAINTIFF TO TENDER PAYMENT

Plaintiff, The Surgery Center at 900 N. Michigan Avenue, LLC, by and through its undersigned attorneys, for its Response and Objection to Defendants' American Physicians Assurance Corporation and American Physicians Capital, Inc. Motion for Approval of Bill of Costs and Order Directing Plaintiff to Tender Payment (Dkt. # 361), states as follows:

### INTRODUCTION

1. This Court's Judgment Order did not award costs to the Defendants. The Clerk never taxed costs to the Plaintiff and the Appellate Court affirmed this Court's Judgment Order, which denied costs. Since no notice of appeal was taken by Defendants from this Court's Judgment Order denying costs, this Court is without jurisdiction to consider the propriety of that order. As a result, this Court does not have jurisdiction to either award or tax costs against the Plaintiff.

2. In addition, Defendants failed to timely file its Bill of Costs related to the appeal

1

within 14 days after the entry of the judgment as required by Federal Rule of Appellate Procedure 39(d). For those reasons, Defendants' Motion must be either stricken or denied.

## PROCEDURAL HISTORY

3. On June 26, 2018, this Court entered an opinion and order (Dkt. #336) granting Defendants' motion for a directed verdict (Dkt. # 335) and dismissed the case in its entirety.

4. On June 26, 2018, this Court entered a separate order entitled, "Judgment in a Civil Case" and explicitly checked the box entitled "other," and did not award costs to the Defendants (Dkt. # 337).

5. Defendants did not file a motion to reconsider with respect the Judgment Order denying costs, nor did they file a notice of appeal.

6. Rather, on July 25, 2018, *after* Plaintiff filed its notice of appeal (Dkt. # 338), Defendants filed a "Bill of Costs" (Dkt. # 340) even though this Court had not awarded them (Dkt. #337).

7. Consistent with this Court's Judgment Order that denied costs (Dkt. # 337), the Clerk of the Northern District of Illinois never taxed costs against the Plaintiff. Plaintiff did not file a motion to stay the Bill of Costs or any objection because the Court never awarded costs and the Clerk never taxed costs in any amount against the Plaintiff (Dkt. # 337).

8. On April 25, 2019, the Court of Appeals for the Seventh Circuit affirmed this Court's Judgment Order which did not award costs to the Defendants and dismissed Plaintiff's case in its entirety (Appellate Court Docket # 32). The Appellate Court's decision also did not mention or award costs (Dkt. # 539).

9. On May 17, 2019, the Court of Appeals issued its Notice of Issuance of Mandate (Appellate Court Dkt. # 33). The Appellate Court's Mandate did not attach Defendants' Bill of

Costs since no costs were awarded or taxed by the Clerk against Plaintiff. *Id*.

10. On May 24, 2019, *after* final judgment was entered dismissing this case, Defendants filed a "Motion for Approval of Bill of Costs and Order Directing Plaintiff to Tender Payment" (Dkt. # 361). Defendants attached to their recently filed motion the same Bill of Costs they previously filed with this Court, which identified the same costs that were never awarded or taxed to the Plaintiff.

## ARGUMENT

### A. This Court's Judgment Order Denying Costs was Affirmed by the Appellate Court and this Court does not have Jurisdiction to Award or Tax Costs.

11. This Court did not award the Defendants costs (Dkt. # 337). Consistent with this Court's Judgment Order, the Clerk never taxed costs to the Plaintiff. *See Swalley v. Addressograph-Multigraph Corp*., 168 F.2d 585, 587 (7th Cir. 1948)("the clerk's taxing of the costs was a mere ministerial act in carrying out the court's order.) Thus, had the Court awarded costs, the Clerk would have carried out that order taxed costs to the Plaintiff. The Clerk never did. In addition, consistent with this Court's denial of costs and the Appellate Court's affirmance of that order, the Appellate Court Mandate did not attach with it Defendants' Bill of Costs.

12. Defendants' motion does not identify any rule or authority allowing a District Court to award costs and tax costs *after* the Appellant Court affirms an order that denied costs and disposed of the case.

13. This Court's order denying costs was a final judgment and Defendants should have appealed it if they wanted to recover costs. *See Browder v. Director*, Ill. Dept. of Corr., 434 U.S. 257, 264 (1978) ("A timely notice of appeal from a judgment or order is mandatory and jurisdictional.") Since no notice of appeal was filed from the Judgment Order denying costs to Defendants, this Court is without jurisdiction to now consider the propriety of that order and

3

cannot award or tax costs.

14. Even assuming Defendants' initial Bill of Costs was properly filed and the Court awarded costs, which it did not, during the nine (9) months the appeal was pending Defendants never filed a motion asking the Court to Clerk to tax costs against Plaintiff. Thus, even if this Court determines it has jurisdiction to hear Defendants' Motion, which it which it does not, this Court should deny it based on Defendants' failure and delay to prosecute their Bill of Costs before Final Judgment was entered by the Appellate Court dismissing the case. *See* Local Rule 78.2.

    **B.**    **Defendants are not entitled to any Costs associated with the Appeal because they Failed to Comply with Federal Rule of Appellate Procedure 39.**

15. The Final Judgment issued by the Appellate Court stated as follows: "Judgment of the District Court is affirmed, with costs, in accordance with the decision of this court entered on this date." *See* Ex. 1. The Appellate Court's decision, however, did not award costs to the Defendants (Dkt. #359) and Defendants' appellate brief did not ask for costs associated with the appeal (Appellate Court Dkt. #18). Thus, the Final Judgment, which was in accordance with the decision of the Appellate Court did not award costs to the Defendants.

16. Even assuming the Appellate Court's Final Judgment awarded costs, those costs would be limited to the costs associated with the appeal pursuant to Federal Rule of Appellate Procedure 39(a)(2).

17. Defendants' motion does not put for any evidence or argument that the costs they are now seeking are associated with the appeal. Indeed, all of the costs identified in Defendants' Bill of Costs, other than the trial transcripts, are not properly taxable appeal costs and cannot be awarded by this Court on the coming down of the mandate. *See Orlando v. Murphy*, 94 F. 2d 426 (1938)("This is then the practice; the costs of appeal to this court are imposed by order of this court, those due or already paid to or through its officers are here taxed and included in the

4

mandate, the costs of the transcript and any other properly taxable appeal costs are to be ascertained and 'taxed ' in the District Court on the coming down of the mandate.")

18. In addition, even assuming the Appellate Court awarded costs and Defendants are now seeking costs associated with the appeal, Defendants' Motion and Bill of Costs should still be stricken or denied because it was not filed in accordance with the Federal Rules of Appellate Procedure. *See* Fed. R. App. P. 39(d).

19. Rather than filing a separate Bill of Costs seeking costs related to the appeal as they were required to do, Defendants improperly filed a Motion for Approval of Costs and attached the same Bill of Costs it previously filed with this Court. *See* Fed. R. App. P. 39(d) ("A party who wants costs taxed *must*—within 14 days after entry of judgment—file with the circuit clerk, with proof of service, an itemized and verified bill of costs.")

20. The Appellate Court entered judgment on April 25, 2019. *See* Ex. 1. Defendants were required to file a separate verified Bill of Costs itemizing the costs associated with the appeal within 14 days, by May 9, 2019. *See* Fed. R. App. P. 39(d). On May 24, 2019, more than two weeks *after* the deadline to file the separate Bill of Costs, Defendants filed a Motion for Approval of Costs (Dkt. #361). Consequently, this Court should either strike or deny Defendants' Motion and Bill of Costs for failing to comply with Fed. R. App. P. 39.

**C. Specific Objections to Defendants' Bill of Costs.**

21. Alternatively, if this Court determines Defendants' Bill of Costs was timely, which it was not, it should award and tax only those costs associated with the appeal identified on Defendants' Bill of Costs, which are limited to trial transcripts costs. *See* Ex. Nos. 8-10 to Def. Motion (Dkt. # 361). Plaintiff objects to the amount claimed by Defendants for the trial transcripts because it exceeded the per page regular rates. *See* L.R. 54.1(b). The total number of trial

transcript pages (1,156) multiplied by the regular rate ($3.65) equals $4,219.40. Thus, in the event this Court awards and taxes costs related to the appeal despite Defendants' failures to comply with Fed. R. App. P. 39(d), the maximum amount of costs awarded should be $4,219.40.

22. Even in the rare event this Court determines it has jurisdiction to award and tax Plaintiff for costs in addition to those associated with the appeal, Defendants' motion should still be denied because they have not met their burden of establishing the costs were reasonable and necessary.

23. Specifically, Defendants seek transcript and related costs for seven (7) court hearings and fifteen (15) depositions. Notably, Defendants' motion provides no evidence or argument that any of these transcripts were reasonably necessary to the litigation. In addition, the invoices Defendants submitted for the depositions of Guy Kornblum and Edward Buckner are insufficient as they do not itemize the costs associated with the charges reflected on the invoices. *See Donald*, 2014 WL 1646954 at * 2 citing *Trustees of Chi. Plastering Inst. Pension Trust v. Cork Plastering Co*., 570 F. 3d 890, 906 (7th Cir. 2009)("Any party seeking an ward of costs carries the burden of showing that the requested costs were necessarily incurred and reasonable.")

24. In the event the Court finds Defendants met their burden of proof establishing the costs were reasonably necessary to the litigation, Plaintiff objects to the costs identified by Defendants for the reproduction and scanning of exhibits used at depositions. *See Donald v. Portillo's Hot Dogs, Inc*., 2014 WL 1646954 at *1 (N.D. Ill. 2014)("[g]enerally, other costs associated the depositions, such as exhibit costs, are not recoverable.") Defendants failed to provide any argument or evidence that the exhibits "were anything other than extra copies of documents already within their possession." *Boyle v. Torres*, 2011 WL 899720 at *2 (N.D. Ill. 2011.) Consequently, these costs are not recoverable. *See Williams v. Schwarz*, 115 c

1691(holding "defendants' request to have a copy of these exhibits included with ordered transcripts was simply for the convenience of the attorneys and not properly recoverable.")

25. Plaintiff also objects to the costs of the deposition and hearing transcripts that exceeded the regular rate of $3.65 per page for an original transcript and .90 per page for the first copy, as well as any appearance fees that exceeded $220.00. *See* L.R. 54.1(b).

26. Thus, although Plaintiff believes Defendants are not entitled to any costs whatsoever, in the event the Court decides to award and tax them and finds the costs were reasonably necessary, out of an abundance of caution Plaintiff has prepared the below table which reflects Plaintiff's proposed calculation of costs compared to Defendants' Bill of Costs:

| Transcript Fees Claimed by Defendants | Ex. | Def. Calculation | Amt. Claimed By Defendants | Amt. Proposed By Plaintiff | Difference |
|---|---|---|---|---|---|
| Hearing dated December 7, 2016 | Ex. 1 | $169.20 (141 pgs)@ $1.20 | $169.20 | 141 pgs x .90 =$126.90 | $42.3 |
| Hearing dated February 28, 2017 | Ex. 2 | $32.85 (9 pgs) @ $3.65 | $32.85 | No Objection | |
| Hearing Date April 7, 2017 | Ex. 3 | $45.00 (50 pgs) @ $.90 | $45.00 | No Objection | |
| Hearing dated May 31, 2017 | Ex. 3 | $35.10 (39 pgs) @ .90 | $35.10 | No Objection | |
| Hearing dated June 15, 2017 | Ex. 4 | $50.40 (42 pgs) @ $1.20 | $50.40 | 42 pgs x .90 =$37.80 | $12.60 |
| Hearing dated June 21, 2017 | Ex. 5 | $320.65 (42 pgs) @ $6.05 | $320.65 | 42 pgs x $3.65 = $153.30 | $167.35 |
| Hearing dated Nov. 14, 2017 | Ex. 6 | $4.80 (4 pgs) @ $1.20 | $4.80 | 4 pgs x $.90 =$3.60 | $1.20 |

7

| | | | | | |
|---|---|---|---|---|---|
| Hearing dated Mar. 8, 2018 | Ex. 7 | $543.20 (112 pgs) @ $4.85 | $543.20 | 112 pgs x $3.65=$408.80 | $134.40 |
| Trial Transcript (June 19 to 22, 2018) | Ex. 8 | $4,954.95 (819 pgs) @ $6.05 | $4,954.95 | 819 pgs x $3.65=$2,989.35 | $1,965.60 |
| Trial Transcript (June 25, 2018) | Ex. 9 | $1,488.30 (245 pgs)@ $6.05 | $1,488.30 | 245 pgs x $3.65=$894.25 | $594.05 |
| Trial Transcript (June 26, 2018) | Ex. 10 | $386.75 (103 pgs) @ $4.25 | $386.75 | 91 pgs x $3.65= $332.15 | $54.60 |
| Deposition of Mark Smith (11.28.2016) | Ex. 11 | $614.25 (189 pgs) @3.25<br><br>$63.00 (Exhibits) | $677.25 | 181 pgs x $.90 =$162.90<br><br>$0 exhibits | $451.35 |
| Deposition of Joe Grant (11.15.2016) | Ex. 12 | $844.80 (256 pgs) @3.30<br><br>$71.75 (Exhibits) | $916.55 | 256 pgs x $.90 =$230.40<br><br>$0 exhibits | $686.15 |
| Deposition of Linda Stefani (12.12.2016) | Ex. 13 | $302.50 (110 pgs) @ $2.75<br><br>$11.55 (Exhibits) | $314.05 | 110 pgs x $.90 =$99.00<br><br>$0 exhibits | $215.05 |
| Deposition of Bridget Zaremba (11.29.2016) | Ex. 14 | $370.50 (114 pgs) @ $3.25<br><br>$14.70 (Exhibits) | $385.20 | $102.60<br><br>$0 exhibits | $282.60 |

| | | | | | |
|---|---|---|---|---|---|
| Deposition of Tom Reed (11.9.2016) | Ex. 15 | $596.80 (163 pgs) @ $3.66 | $596.80 | 163 pgs x $.90 =$146.70 | $450.10 |
| Deposition of Tom Reed (11.14.2016) | Ex. 16 | $428.40 (119 pgs) @ $3.60 $103.95 (Exhibits) | $532.35 | 119 pgs x $.90 =$107.10 $0 exhibits | $425.25 |
| Deposition of Cathy Shutack (12.7.2016) | Ex. 17 | $890.50 (274 pgs) @ $3.25 $53.55 (Exhibits) | $944.05 | 274 pgs x $.90 =$246.60 $0 exhibits | $697.45 |
| Deposition of Wendy Menzel (12.6.2016) | Ex. 18 | $483.75 (129 pgs) $3.75 $18.90 (Exhibits) | $502.65 | 129 pgs x $.90= $116.10 $0 exhibits | $386.55 |
| Deposition of Shelly Oblak (11.7.2016) | Ex. 19 | $1,001.25 (267 pgs) @ $3.75 $147.70 (Exhibits) | $1,148.95 | 267 pgs x $.90 =$240.30 $0 exhibits | $908.65 |
| Deposition of Kenny Bozorgi (12.5.2016) | Ex. 20 | $287.55 (81 pgs) @ $3.55 $95.00 (Appearance) | $382.55 | No Objection | |

9

| | | | | | |
|---|---|---|---|---|---|
| Deposition of Jennifer Lowis (12.14.2016) | Ex. 21 | $316.25 (115 pgs) @ $2.75<br>$52.50 (Exhibits) | $368.75 | 115 pgs x $.90 =$103.50<br><br>$0 exhibits | $265.25 |
| Deposition of Alan Windt (3.29.2017) | Ex. 22 | $652.50 (174 pgs) @ $3.75<br><br>$190 (Appearance) | $842.50 | 174 pgs x $3.65 =$635.10<br><br>No objection | $17.40 |
| Deposition of Bob Martier (4.7.2017) | Ex. 23 | $675 (180 pgs) @ $3.75<br><br>$237.50 (Appearance) | $912.50 | 180 pgs x $3.65 =$657.00<br><br>Appearance Fee =$220.00 | $35.50 |
| Deposition of Guy Kornblum (4.4.2017) | Ex. 24 | $3,063.30 (200 pgs; $15.31 Exhibits-117 pg) | $3,063.30 | *See* objection in ¶ 22 *supra*<br><br>$0.00 | $3,063.30 |
| Deposition of Ed Buckner (2.14.2017) | Ex. 25 | $793.25 (106 pgs) $7.48 Exhibits- 75 pgs) | $793.25 | *See* objection in ¶ 22 *supra*<br><br>$0.00 | $793.25 |
| SUB-TOTAL PER DEF. | | | $20,411.90 | | $11,619.95 |
| **PROPOSED TOTAL** | | | | **$8,791.95** | |

## CONCLUSION

27.     In light of the foregoing, Plaintiff respectfully requests that this Court either strike or deny Defendants' Motion for Approval of Costs and award zero costs to the Defendants. Alternatively, if this Court decides to award and tax costs against the Plaintiff, the costs should be limited to only those costs associated with the appeal.

Dated:  June 26, 2019

Respectfully submitted,

THE SURGERY CENTER AT 900 N. MICHIGAN AVE.

____/s/George W. Spellmire_____

Attorney for Plaintiff, The Surgery Center at 900 N. Michigan Ave.

George W. Spellmire
Michael C. Bruck
Jessica L. Dagley
SPELLMIRE BRUCK LLP
1 E. Wacker Drive, Suite 2350
Chicago, Illinois  60601
ARDC # 2686007
ARDC # 6199276
ARDC # 6315834
gws@spellmirelaw.com
jl@spellmirelaw.com
(312) 258-9400