UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| THE SURGERY CENTER at 900 NORTH MICHIGAN AVENUE, LLC, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 15-cv-4336 |
| AMERICAN PHYSICIANS ASSURANCE CORPORATION, INC., and AMERICAN PHYSICIANS CAPITAL, INC., | ) ) ) ) ) | Judge Sharon Johnson Coleman |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Currently pending before the Court is defendants' Motion for Approval of Bill of Costs and Order Directing Plaintiff to Tender Payment [361]. For the reasons discussed below, the Court grants defendants' motion in part, denies it in part, and orders plaintiff The Surgery Center at 900 North Michigan Avenue, LLC ("TSC") to pay defendants' costs in the amount of $16,569.80.

**Background**

TSC brought this action asserting claims of bad faith and breach of fiduciary duties. The case proceeded to trial in June 2018. At the close of TSC's case, the Court granted defendants' motion for judgment as a matter of law under Federal Rule of Civil Procedure 50(a). On June 26, 2018, judgment was entered dismissing this case in its entirety. The judgment form included three options to indicate how judgment was being entered, including one stating that judgment was entered in favor of defendants and that "Defendant(s) shall recover costs from plaintiff." That choice was not indicated. Instead the "other" option was checked, which stated that judgment was entered in favor of defendants but did not mention costs. (Dkt. 337.) TSC appealed the Court's decision granting the Rule 50(a) motion, and in April 2019, the Seventh Circuit affirmed. *Surgery Ctr. at 900 N. Mich. Ave., LLC v. Am. Physicians Assurance Corp., Inc.*, 922 F.3d 778, 787 (7th Cir. 2019).

Defendants had filed a timely Bill of Costs on July 25, 2018. (Dkt. 340.) In May 2019, after the Seventh Circuit issued its mandate, defendants filed the instant motion seeking approval of the Bill of Costs and requesting an order directing TSC to tender payment. TSC objects to the motion and the Bill of Costs, arguing that the judgment denied costs to defendants and that this purported denial was affirmed by the Seventh Circuit, thus depriving the Court of jurisdiction to award or tax costs. Alternatively, TSC argues that—should the Court determine that defendants are entitled to costs—it should only award costs that were associated with the appeal.

**Legal Standard**

Under Federal Rule of Civil Procedure 54(d)(1), "costs . . . should be allowed to the prevailing party." Rule 54(d)(1) "provides a presumption that the losing party will pay costs but grants the court discretion to direct otherwise." *Rivera v. City of Chi.*, 469 F.3d 631, 634 (7th Cir. 2006). However, the Seventh Circuit recognizes "only two situations in which the denial of costs might be warranted: the first involves misconduct of the party seeking costs, and the second involves a pragmatic exercise of discretion to deny or reduce a costs order if the losing party is indigent." *Mother & Father v. Cassidy*, 338 F.3d 704, 708 (7th Cir. 2003). A court awarding costs asks "whether the cost imposed on the losing party is recoverable" and "if so, whether the amount assessed for that item was reasonable." *Majeske v. City of Chi.*, 218 F.3d 816, 824 (7th Cir. 2000). Recoverable costs include: (1) clerk and marshal fees, (2) transcript fees, (3) witness fees and expenses, (4) fees for copies of papers necessarily obtained for use in the case, (5) docket fees, and (6) compensation for court-appointed experts and interpreters. *See Republic Tobacco Co. v. N. Atl. Trading Co., Inc.*, 481 F.3d 442, 447 (7th Cir. 2007) (citing 28 U.S.C. § 1920).

**Discussion**

The Court has carefully considered the parties' arguments and finds that defendants—as the prevailing parties—are entitled to costs. Viewed in the context of the case history, the Court is of

the opinion that it intended to award costs to defendants when it directed verdict in their favor, notwithstanding the box checked on the judgment indicating otherwise. The box checked on the judgment was a clerical error and was not meant to expressly deny costs to defendants. Contemporaneously with this memorandum opinion and order, the Court will enter an amended judgment to correct the clerical mistake by checking the box to state that defendants shall recover costs. *See* Fed. R. Civ. P. 60(a) ("The court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record. The court may do so on motion or on its own, with or without notice."); *see also Shuffle Tech Int'l, LLC v. Wolff Gaming, Inc.*, 757 F.3d 708, 711 (7th Cir. 2014) (a correction authorized by Rule 60(a) may be made at any time—even years after the original judgment).

Turning to the costs requested, defendants seek $100 in clerk fees. These fees are taxable expenses contemplated by 28 U.S.C. § 1920, *Weeks v. Samsung Heavy Indus. Co.*, 126 F.3d 926, 945 (7th Cir. 1997), and the Court orders TSC to pay defendants clerk fees in the amount of $100.00.

Defendants also seek $20,411.90 in transcript fees, including $1,201.20 for hearing transcripts, $12,380.70 for deposition transcripts, and $6,830 for trial transcripts. TSC contends that the Court should award only the costs for the transcripts associated with the appeal, i.e. the trial transcripts. TSC further argues that the amount defendants claim for the trial transcripts exceeds the regular per page rates, that defendants provided no evidence or argument that the hearing and deposition transcripts were reasonably necessary to the litigation, and that defendants are not entitled to costs associated with reproduction of deposition exhibits.

The costs associated with transcripts and copies are recoverable where they are "necessarily obtained" for use in the case. *See* 28 U.S.C. §§ 1920(2), (4). Whether a cost is necessary must be made in light of the facts known at the time of the deposition. *Mother & Father,* 338 F.3d at 712. The "transcripts need not be absolutely indispensable in order to provide the basis of an award of

3

costs; it is enough that they are reasonably necessary." *Sanglap v. LaSalle Bank*, 194 F. Supp. 2d 798, 802–03 (N.D. Ill. 2002) (internal quotations and citation omitted). In addition, "courts in this district have concluded that [costs associated with transcript indexes and exhibits] are recoverable because both indexes and exhibits are essential to understanding the content of a deposition, especially in a complex and heavily litigated case." *LG Elecs. U.S.A., Inc. v. Whirlpool Corp.*, 2011 WL 5008425, at *2 (N.D. Ill. Oct. 20, 2011) (St. Eve, J.).

Defendants have submitted invoices for the transcripts of 15 depositions, explaining that 11 of these depositions were taken pursuant to TSC's notice or subpoena; that three depositions were of plaintiff's expert witnesses and were critical to defendants' summary judgment motion, for motions in limine, and for purposes of impeachment during trial; and that one of the depositions was of a TSC owner and board member. These explanations are sufficient to satisfy the Court that these transcripts were reasonably necessary in light of the facts known to defendants at the time of the depositions.

TSC objects to the cost per page assessed on two of the transcripts—specifically the deposition transcripts of Wendy Menzel and Shelly Oblak—as exceeding the regular copy rate under the local rules. Local Rule 54.1(b) states that the costs of a transcript shall not exceed the regular copy rate established by the Judicial Conference of the United States, which is currently $3.65 per page for an original transcript. The Court sustains TSC's objection as to the amounts billed for the deposition transcripts of Menzel and Oblak and deducts $39.60 from the Bill of Costs. TSC also objects to costs related to the deposition transcripts of Guy Kornblum and Edward Buckner, as the invoices defendants submitted for these depositions are not itemized but simply list total amounts of $3,109.25 and $793.25, respectively. Because defendants have not provided sufficient itemization and documentation for the Court to assess the reasonableness of costs related to these transcripts, an additional $3,902.50 is deducted from the Bill of Costs.

As to the trial transcripts, defendants explain that they cited to testimony from each of the daily copy transcripts they ordered during their successful Rule 50(a) motion, which expedited resolution of the case by at least four trial days. The Court is persuaded that daily trial transcripts were reasonably necessary in this case, particularly in light of their use connected with presentment of defendants' motion for a directed verdict. *See Hillmann v. City of Chi.*, No. 04 C 6671, 2017 WL 3521098, at *8 (N.D. Ill. Aug. 16, 2017) (Castillo, J.) ("A court may award costs for expedited trial transcripts if "it was reasonable and necessary to order transcripts on an expedited basis.") (citation omitted). Thus, defendants are entitled to $16,469.80 in transcript costs.

**Conclusion**

Based on the foregoing, the Court grants in part and denies in part defendants' Motion for Approval of Bill of Costs and Order Directing Plaintiff to Tender Payment [361], and orders TSC to tender payment in the amount of $16,569.80 to defendants.

**IT IS SO ORDERED.**

Date: 11/12/2019

Entered: _____
SHARON JOHNSON COLEMAN
United States District Judge